IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 114-170 |
| ROBERT EUGENE MARHSALL and THOMASINA PARKS, | * * * | |
| Defendants. | * | |

- - - - - - -

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 114-220 |
| ROBERT EUGENE MARHSALL and THOMASINA PARKS, | * * * | |
| Defendants. | * | |

O R D E R

This matter is now before the Court on the parties' Consent Motion to Consolidate Actions for Purposes of Discovery and Pre-trial Motions. (Doc. 13.) On August 21, 2014, Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm Mutual") filed a Complaint for declaratory relief against Defendants Robert Eugene Marshall and Thomasina Parks, seeking a judgment from the Court that Mr. Marshall's *automobile policy* affords no

coverage for Ms. Parks' alleged damages arising from an incident in which Mr. Marshall cut her with a steak knife as she tried to exit the vehicle during an altercation. On December 3, 2014, State Farm Fire and Casualty Company ("State Farm Fire") likewise filed a Complaint for declaratory relief against the same defendants, seeking a judgment from the Court that Mr. Marshall's *homeowner's insurance policy* affords no coverage for Ms. Parks' alleged damages arising from the same incident. State Farm Fire & Cas. Co. v. Marshall, 1:14-CV-220 (S.D. Ga.). Because of the commonality of the parties, counsel, and issues in the two cases, Defendants now seek to consolidate the State Farm Mutual action into the later-filed State Farm Fire action for the limited purposes of discovery and pre-trial motions.[1]

Rule 42 of the Federal Rules of Civil Procedure provides in relevant part: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the action . . . or issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a)(2) & (3). "This rule is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (internal quotation marks omitted). The Eleventh

---

[1] Notably, discovery concluded in the State Farm Mutual action on February 17, 2015, but the parties "have not yet exchanged written discovery or conducted depositions." (Doc. 13 at 3.)

2

Circuit has "encouraged trial judges to make good use of Rule 42(a) . . . in order to expedite the trial [of a case] and eliminate unnecessary repetition and confusion." Id. (internal quotation marks omitted).

In exercising its discretion under Rule 42(a), the district court must determine:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. at 1495 (quoting Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982)). The facts of this case weigh in favor of consolidation: State Farm Mutual and State Farm Fire, by and through the same counsel, seek coverage determinations against the same Defendants with respect to a single factual scenario, albeit under distinct policies.

Based on the foregoing, the Court **GRANTS** the parties' Consent Motion to Consolidate. (Doc. 13.) The Clerk **SHALL CONSOLIDATE** case number 1:14-CV-170 into State Farm Fire & Cas. Co. v. Marshall, 1:14-CV-220. All future motions in this case **SHALL** be filed under case number 1:14-CV-220. The Court further **DIRECTS** the parties to newly prepare and submit a Rule 26(f) report that will govern the consolidated action by **5:00 PM** on

3

**MONDAY, MARCH 9, 2015**. At the appropriate time, any party may move to sever any claim for purposes of trial.

**ORDER ENTERED** at Augusta, Georgia this 23rd day of February, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4